Harvey A. Steinberg, *Pro hac vice*
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
(303) 861-2800
Attorney for Claimant Josue Grajeda

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  1:15-cv-00237---SKO |
| Plaintiff, | **STIPULATION AND ORDER TO STAY PROCEEDINGS** |
| v. | (Doc. 19) |
| APPROXIMATELY $40,600.00 IN U.S. CURRENCY, | |
| Defendant. | |

Claimant, Josue Grajeda (hereto after "Claimant"), by and through his attorney, Harvey A. Steinberg, of the law firm of Springer & Steinberg, P.C., and the United States of America by and through Assistant United States Attorney Jeffrey A. Spivak respectfully submit this stipulation and move this Court to now order same.

**AS GROUNDS THEREFOR**, the parties state as follows:

1.     The Government is seeking forfeiture of currency.  The Claimant has filed his verified statement of claim of that currency and persists in his claim.

2.      The Claimant currently faces criminal charges in Fresno County California in case number F14906072.   The allegations in that case are similar or identical to the allegations made by the Government in this case in support of this forfeiture.

3.      18 U.S.C. § 981 (g) (2) states:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that—
>
>> (A) the claimant is the subject of a related criminal investigation or case;
>>
>> (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
>>
>> (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

4.      The Claimant submits that these proceedings should be stayed for the following reasons:

a.      The Claimant is the subject of a related criminal case directly implicating the facts in this civil forfeiture proceeding;

b.      The Claimant has standing to assert a claim in this civil forfeiture proceeding; and,

c.      Continuation of this forfeiture proceeding will burden the right of the Claimant against self-incrimination as guaranteed to him by the Fifth Amendment to the United States Constitution in the related case.

5.      Under these circumstances the Claimant cannot file a meaningful answer. The aversions in the Complaint touch on allegations that are the subject of the related criminal case.   *See e.g. United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) (upholding the striking of the affidavit of a claimant after he invoked the fifth amendment in response to government questions).

6.      Courts should endeavor to accommodate the Claimant's Fifth Amendment rights in forfeiture proceedings. *United States v. A Certain Parcel of Land*, 781 F. Supp. 830, 834 (D.N.H. 1992) citing *United States v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir. 1990).  Staying the civil case prevents the government from using civil discovery as a means to obtain information to flesh out the criminal case against the claimants. *United States v. Certain Real Prop.*, 579 F.3d 1315, 1321 (11th Cir. 2009).

7.     Even in the general civil context where there is not specific statutory language commanding the stay of a civil proceeding it is recognized that the Fifth Amendment can and should be invoked when it can be implicated.  The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts.  It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions.  *North River Ins. Co. v. Stefanou*, 831 F.2d 484, 486-487 (4th Cir. 1987).

8.     For the above stated reasons the parties have agreed that this matter should be stayed and respectfully requests that this Court stay the proceedings in this matter pending the outcome of the related criminal case.

9.     Should the Court stay this matter, the Claimant will file notice with the Court of completion of the above-referenced criminal case, within 60 days of that completion.

        **WHEREFORE**, the parties pray for the relief requested, and for such other and further relief as to the Court seems just and proper in the premises.

        Dated this 18th day of June, 2015.

        Respectfully submitted,

        s/Harvey A. Steinberg                           /s/Jeffrey A. Spivak
        Harvey A. Steinberg                             Jeffrey A. Spivak
        Springer & Steinberg, P.C.                      Assistant United States Attorney
        Attorneys for Josue Grajeda                     Attorney for the United States
        1600 Broadway, Suite 1200                       501 I Street, Suite 10-100
        Denver, Colorado 80202                          Sacramento, California 95814
        (303)861-2800 Telephone                         (916) 554-2700 Telephone
        (303)327-5951 Telecopier                        (916) 554-2900 Telecopier
        law@springersteinberg.com                       Jeffrey.Spivak@usdoj.gov

IT IS SO ORDERED.

    Dated:   **June 18, 2015**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28